UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Yager Family Management, LLC</u>

    v.                                    Case No. 23-cv-193-SM-AJ
                                                    Opinion No. 2025 DNH 096

<u>Jared R. Elliott, et al.</u>

O R D E R

Plaintiff Yager Family Management, LLC ("YFM") seeks to recover the balance it alleges is owed by defendants, Jared R. Elliott; NewCo, LLC; and Mt. Coolidge Construction, LLC ("MCC") on commercial loans.  YFM moved to dismiss the counterclaims alleged in defendants' answer (doc. no. 57), and defendants objected.  Because of subsequent events (YFM's foreclosure purchase), NewCo, now controlled by YFM, moves to voluntarily dismiss its counterclaims.  Doc. no. 110.  For the reasons that follow, the motions to dismiss the counterclaims are granted.

<u>Standard of Review</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Thornton v. Ipsen Biopharmaceuticals, Inc.</u>, 126 F.4th 76, 80 (1st Cir. 2025)

(internal quotation marks omitted).  In making that determination, the court "must accept as true all well-pleaded facts indulging all reasonable inferences in [plaintiff's] favor."  Wadsworth v. Nguyen, 129 F.4th 38, 61 (1st Cir. 2025) (internal quotation marks omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Tax-Free Fixed Income Fund for Puerto Rico Residents, Inc. v. Ocean Cap. LLC, 137 F.4th 6, 18 (1st Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The same standard applies to a motion to dismiss a counterclaim, with the focus being on the well-pleaded facts in the counterclaim.  Nat'l Union Fire Ins. Co. v. Ortega, No. 24-cv-40039-DHH, 2025 WL 1836120, at *2 (D. Mass. Feb. 25, 2025); RapDev LLC v. Vecellio, 761 F. Supp. 3d 313, 319 (D. Mass. 2024).

## Background

The operative complaint is the consolidated complaint filed on November 13, 2023.  Doc. no. 42.  The operative answer and counterclaims were filed on September 10, 2024.  Doc. no. 51.  The background facts are taken from defendants' answer.

MCC is a construction company founded by Richard and Jared Elliott in 2013.[1]  Jared Elliott ("Elliott") founded NewCo to serve as the planning and development company related to building condominiums in Lincoln, New Hampshire.  In 2018, YFM loaned $735,000 to NewCo to purchase property in Lincoln ("Acquisition Loan").  Elliott and MCC guaranteed the Acquisition Loan, and NewCo also granted a mortgage to YFM on the Lincoln property.

YFM then loaned NewCo $2 million to develop the Lincoln property ("Construction Loan").  NewCo granted YFM a mortgage on the Lincoln property as security for the Construction Loan, and Elliott and MCC also guaranteed that loan.  NewCo and YFM also entered into a Construction Loan Agreement.

The project lagged due to a variety of problems.  The Acquisition Loan came due on March 8, 2020, but the project continued without payment.  NewCo contracted with another construction company, Dupuis, in March of 2022 to work on the project.  Defendants allege that although NewCo should have been in charge of the project, including directing Dupuis, David Yager, YFM's manager, "took over" the project and controlled payment to Dupuis.  Defendants describe a variety of other

---

[1] Richard Elliott was Jared's father and has since died.

3

issues with Yager's management of the project. The parties' relationship deteriorated.

YFM foreclosed on the Lincoln property on July 25, 2023. A company, owned by Yager, bought the property at the foreclosure sale for $5.2 million. YFM claimed that the total amount due under the Acquisition and Construction Loans was then $6.2 million, leaving a balance owed after the foreclosure sale of $1 million.[2]

Before the foreclosure sale, YFM brought suit in this court against Jared Elliott, NewCo, and MCC, seeking the amount due on the loans. After the foreclosure sale, NewCo brought suit against YFM, seeking an accounting and alleging claims for breach of contract, misrepresentation, and other wrongful conduct. The cases were consolidated into this case on October 13, 2023. In the consolidated complaint, YFM brings breach of contract and unjust enrichment claims against NewCo, Elliott, and MCC. NewCo, along with Elliott and MCC, bring counterclaims against YFM seeking an accounting under New Hampshire Revised Statutes Annotated ("RSA") 479:13, and claiming breach of contract, negligent misrepresentation, fraudulent misrepresentation, conversion, violation of the New Hampshire

---

[2] Defendants do not include allegations pertaining to their efforts to avoid foreclosure by twice filing for bankruptcy and also filing suit in state court.

Consumer Protection Act, breach of a mortgagee's fiduciary duty, breach of RSA chapter 399-B, and breach of a joint venture agreement.

In December 2024, defendants moved for a temporary restraining order to stop the foreclosure sale of Elliott's 100% interest in NewCo by YFM. The court gave defendants time to further brief the issues raised in the TRO request and to introduce evidence in support of their request for injunctive relief, and the court extended those deadlines. Doc. nos. 74; end. or. Dec. 29, 2024; end. or. Jan. 13, 2025; doc. no. 84; and end. or. Mar. 10, 2025. Despite the extended time allowed, defendants were unable to present expert opinion evidence to support their request for injunctive relief. See doc. no. 87.

At the parties' request, the court held a status conference on July 2, 2025, to address several pending matters. During that conference, counsel for YFM stated that it was likely that YFM would foreclose on Elliott's 100% interest in NewCo and that it was also likely that NewCo would then dismiss the counterclaims. The court denied defendants' motion for injunctive relief to stop the foreclosure. Doc. no. 100. The court also denied defendants' emergency motion to reconsider its denial of injunctive relief. End. or. Aug. 4, 2025. YFM foreclosed on Elliott's 100% interest in NewCo and those

5

interests were transferred to YFM on August 4, 2025. Doc. no. 110, at 1.

## Discussion

Defendants brought ten counterclaims in their First Amended Complaint. Doc. no. 51. In response to YFM's motion to dismiss the counterclaims (doc. no. 59), defendants acknowledged that Counterclaims II through VIII "relate solely to claims for damages owed to Defendant NewCo, LLC." Doc. no. 60-1, at 8, n.4. YFM contends that Counterclaims IX and X are also solely NewCo's claims.

In Counterclaim IX, defendants allege that YFM violated RSA chapter 399-B by failing to disclose the consequences of default on the Construction Loan, interest rates on the loan, and increases beyond a certain amount on the loan. Doc. no. 51, ¶¶ 176-179. In Counterclaim X, defendants allege that YFM breached the parties' "joint venture agreement" by foreclosing on the Lincoln property. Id., ¶¶ 194 & 195. Importantly, for both Counterclaims IX and X, defendants allege that only NewCo was damaged. Id. at ¶¶ 181 & 196. In their objection to YFM's motion to dismiss, defendants also characterized Counterclaims IX and X as alleged by NewCo alone, stating that NewCo, without reference to the other defendants, adequately pleaded facts to support those claims. Doc. no. 60-1; at 26-34; see also Notice,

doc. no. 111, ¶ 5. For these reasons, Counterclaims IX and X are properly asserted only by NewCo.

I. NewCo's Motion to Voluntarily Dismiss Counterclaims

NewCo moves to voluntarily dismiss its counterclaims against YFM with prejudice under Federal Rule of Civil Procedure 41(a)(2).[3] Federal Rule of Civil Procedure 41(c) provides that Rule 41 governing dismissal of actions also applies to dismissal of counterclaims. Under Rule 41(a)(2), an action (including counterclaims) may be voluntarily dismissed with a court order as long as the court considers prejudice to the opposing party, the counterclaim defendant.[4] See Wagstaff & Carmell, LLP v. Lewis, 40 F.3d 830, 840-41 (8th Cir. 2022).

The counterclaim defendant is YFM. YFM now controls NewCo and for perhaps obvious reasons does not oppose NewCo's motion to voluntarily dismiss the counterclaims against it. Further, YFM's claims in this case are unaffected by dismissal of the

---

[3] NewCo represents in the motion that counsel for defendants, Elliott and MCC, did not assent to the motion but take no position on the requested relief. Doc. no. 110, ¶ 3. As such, the court assumes that defendants do not oppose NewCo's voluntary dismissal of the counterclaims.

[4] The court notes that the counterclaim defendant, YFM, moved to dismiss the counterclaims but has not filed an answer. For that reason, NewCo arguably could voluntarily dismiss the counterclaims without a court order. See Fed. R. Civ. P. 41(a)(1)(A)(i); Fed. R. Civ. P. 41(c). NewCo, however, moves for a court order of dismissal under Rule 41(a)(2).

counterclaims.  Therefore, it is appropriate to dismiss NewCo's counterclaims against YFM with prejudice.[5]

II.  YFM's Motion to Dismiss Counterclaim I

With NewCo's counterclaims dismissed, only Counterclaim I by Elliott and MCC remains.  Counterclaim I is titled, "Failure to Account."  Defendants allege that NewCo made a written request for an account under RSA 479:13 and YFM has not provided the required accounting.  Doc. no. 51, ¶¶ 66-68.  For relief, "[d]efendants request the Court determine the amount justly due and owing." Doc. no. 51, ¶ 70.

In the motion to dismiss, YFM contends that the accounting requirement under RSA 479:13 does not apply to Elliott or MCC. RSA 479:13 provides: "The mortgagee, upon a request in writing by the mortgagor, shall make out and deliver to him or his agent a just and true account of all his demands secured by the mortgage, of all damages and costs incurred by reason of the nonperformance of the condition thereof, and of all rents and profits by him received."  On its face, the statute applies only to a mortgagee and a mortgagor.  In this case, NewCo is the

---

[5] Ordinarily, dismissal under Rule 41(a) is without prejudice.  Nevertheless, NewCo, the moving party asks that dismissal be with prejudice, and defendants have not provided any grounds warranting a different disposition.

mortgagor, not Elliott or MCC, and YFM is the mortgagee.[6]  As such, RSA 479:13 does not require YFM to provide an account to either Elliott or MCC.

Defendants argue, however, that this court could interpret the term "mortgagor" as used in RSA 479:13 to include guarantors, such as Elliott and MCC, citing cases from state courts in Florida and North Carolina.  The cited cases, however, pertain to notice to a guarantor of a sale of collateral under the Uniform Commercial Code, and defendants make no effort to tie those circumstances to a claim for an account under a New Hampshire statute outside the context of the Uniform Commercial Code.  See Gregory Poole Equip. Co. v. Murray, 414 S.E.2d 563 (N.C. Ct. App. 1992); Hepworth v. Orlando Bank & Tr. Co., 323 So. 2d 41 (Fl. Dist. Ct. App. 1975).  Defendants also cite Numerica Savings Bank, F.S.B. v. Mountain Lodge Inn, Corp., 134 N.H. 505, 509 (1991), where the New Hampshire Supreme Court declined to recognize an affirmative cause of action on behalf of a guarantor for a breach of fiduciary duty by a creditor.  That case provides no support for guarantors to be construed as mortgagors under RSA 479:13.

Defendants provide no persuasive grounds to expand New Hampshire law, and federal courts are an unlikely forum for that

---

[6] The mortgage documents identify NewCo as the mortgagor and YFM as the mortgagee.  Doc. nos. 51-3 & 51-6.

9

result.  See Traudt v. Lebanon Police Dep't, 775 F. Supp. 3d 633, 639 (D.N.H. 2025).  Defendants have not shown that either Elliott or MCC has an actionable claim under RSA 479:13. Therefore, Counterclaim I is dismissed.

## Conclusion

For these reasons, NewCo's motion for voluntary dismissal (doc. no. 110) and YFM's motion to dismiss (doc. no. 57) are granted.  All counterclaims are dismissed.


    SO ORDERED.

                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

August 18, 2025

cc:  Counsel of Record